## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Georgia Bank & Trust Company of Augusta, as Personal Representative of the Estate of Thomas D. McPherson, | Civil Action No. 3:08-02371-JFA |
| Plaintiff, | |
| vs. | |
| Frank T. Trenery, Jr., | **CONSENT ORDER ENTERING PERMANENT INJUNCTION** |
| Defendant, | |
| and | |
| MobileCare Health Services, LLC, | |
| Intervenor. | |

**BEFORE THE COURT** is the joint request of the Parties for the entry of a permanent injunction governing certain aspects of the future operations of MobileCare Health Services, LLC ("MobileCare"). The Court finds that the requested relief is appropriate under the circumstances and therefore **GRANTS** the request and enters the following permanent injunction.

**THE COURT IS INFORMED** that Thomas D. McPherson ("McPherson") and Frank T. Trenery ("Trenery") were both members of MobileCare, a Georgia limited liability company. MobileCare had operated for several years until the sale of its assets in March of 2006. It continued to exist after the asset sale for the purpose of receiving note payments and other receivables and to address a number of liabilities. McPherson died in March of 2007, and, at that time, the only two members of MobileCare were McPherson and Trenery. MobileCare has only one bank account, which is maintained at First Bank of Georgia bearing an account number

ending in 924. Trenery, as the managing member of MobileCare, has access to the bank account and the ability to disburse funds. The Estate of McPherson initiated this action against Trenery claiming among other things an interest in the bank account funds and in future note payments and receivables of MobileCare.

**NOW, THEREFORE,** because the funds in the MobileCare bank account and future funds to be deposited into that account have been designated by the Parties to be used for certain purposes, and at the request of the Parties for the purpose of preserving such funds, the Court orders the following:

(1) All future promissory note payments received from Carolina MedCare, Inc. (or its successor or assignee) and any other receivables or payments being made to MobileCare shall be deposited into the existing MobileCare bank account at First Bank of Georgia.

(2) Trenery and MobileCare are not permitted to write checks, make debits, electronically transfer, or otherwise disburse any funds, whether existing or received in the future, from the MobileCare bank account, except for the following limited purposes:

    (a) To effectuate disbursements specified in Paragraphs 1, 2, and 3 of the Parties' Settlement Agreement;

    (b) To pay the fees of the escrow agent for any funds that the Parties agree to hold in escrow;

    (c) To effectuate a settlement with the IRS regarding all taxes, penalties, and interest owed by MobileCare, so long as McPherson's Estate has given written approval of the settlement;

    (d) To pay past due invoices for legal fees for services performed by Kristoph Schleicher, but in no event can such payments exceed the total sum of TEN THOUSAND FIVE HUNDRED AND 00/100 ($10,500.00) DOLLARS;

    (e) To pay the monthly rental for any storage facility that holds the records or other property of MobileCare;

(f) To pay for professional services needed to determine and resolve any tax liabilities of MobileCare or for the preparation of MobileCare's tax returns;

(g) Other disbursements for which the parties mutually agree, but only if such agreement is memorialized in a writing signed by the parties or their respective counsel or authorized representatives.

(3) With the exception of items identified in Paragraph 2 above, Trenery and MobileCare shall not incur any additional debts, liabilities, or obligations in the name of MobileCare unless mutually agreed by the parties and only if such agreement is memorialized in a writing signed by the parties or their respective counsel or authorized representatives.

(4) This injunction shall not act to discharge, reduce, stay, or otherwise affect the rights of any creditor of MobileCare.

(5) This injunction shall remain in full force and effect until such time that all three of the below have occurred.

(6) Once this injunction is no longer in effect, MobileCare and Trenery shall have the right to disburse MobileCare funds in any manner they deem appropriate.

(7) This injunction replaces the preliminary injunction previously entered by the Court and said preliminary injunction is now terminated and no longer in effect.

**IT IS SO ORDERED.**

*Joseph F. Anderson, Jr.*

November 17, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge